UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TURNER CONSTRUCTION COMPANY,

      Plaintiff,

                                                Case number 02-74939
v.                                             Honorable Julian Abele Cook, Jr.

FACILITY MATRIX GROUP, INC., ET AL.,

      Defendants.

## ORDER

On April 19, 2005, the Plaintiff, Turner Construction Co. ("Turner"), having filed this interpleader action in December 2002, filed a motion, in which it sought the entry of an order that would (1) authorize the direct payment of $360,178.77 into the treasury of the Court; and (2) obtain a complete discharge of liability from the Defendants,[1] and the law firm of Honigman Miller Schwartz & Cohn, LLP ("Honigman Miller"). For the reasons that are stated below, the Court grants Turner's motion in part, and denies it in part.

I.

The underlying dispute arose out of the efforts by the General Motors Corporation ("GM") to renovate its corporate headquarters at the Renaissance Center in Detroit, Michigan. At all times that are relevant to this lawsuit, Turner served as the general contractor for the renovation project, and Herman Miller, a furniture supplier, had the authority to oversee the interior design of the project.

---

[1] The Defendants have been identified as (1) the Defendants, Metropolitan Facility Resources, L.L.C. ("Metropolitan"), (2) Facility Matrix Group, Inc. ("Facility Matrix"), and (3) Krueger International, Inc. ("Krueger").

In 1997, Herman Miller granted a distributorship to Metropolitan to perform specified design work for the project. However, this grant was conditioned upon an acceptance of a work-related affiliation by Metropolitan with Facility Matrix, an authorized Herman Miller distributor. Shortly thereafter, disagreements arose between Metropolitan and Facility. When these two corporations were unable to resolve their differences, Metropolitan initiated a lawsuit in August 2001, charging, among other things, that its funds had been improperly disbursed by Facility Matrix.

On July 31, 2003, Turner provided the Defendants with an accounting which reflected its indebtedness to Metropolitan in the sum of $360,187.77 for work performed in connection with the renovation project. On October 29, 2004, Honigman Miller served a Notice of Attorney Lien on Turner, asserting a claim for unpaid attorney fees and costs incurred by Metropolitan.[2]

II.

Turner's motion is governed by 28 U.S.C. § 1335 which provides that a district court has jurisdiction over an interpleader action whenever a plaintiff has money or property with a value of $500 or more if "(1) two or more adverse claimants...are claiming or may claim to be entitled to such money or property...and if (2) a plaintiff has deposited such money...into the registry of the court[]." 28 U.S.C. § 2361, in turn, provides that for any civil action of interpleader under section 1335, "[s]uch district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

The purpose of this federal interpleader statute is "to protect stakeholders...from conflicting

---

[2]Honigman Miller was replaced by the law firm of Hatchett, DeWalt & Hatchett, PLLC as counsel for Metropolitan on September 3, 2003.

claims and multiple liability, *not* to ensure that all potential claimants receive an equal share of the interpleaded funds." *Great American Ins. Co. v. Spraycraft, Inc.*, 844 F.Supp. 1188, 1192 (S.D. Ohio 1994) (emphasis original). An interpleader action that is commenced under Section 1335 involves two steps. First, the district court must seek to determine if (1) the requirements of this statute have been met and (2) whether the stakeholder may be relieved from liability. Second, the district court must also adjudicate the defendants' adverse claims to the interpleaded fund. *NYLife Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995); 7 C. Wright, A. Miller & Mary Kay Kane, 7 Federal Practice and Procedure § 1714 (2d ed.1986).

Based on its review of the record, the Court concludes that Turner has satisfied the requirements of 28 U.S.C. § 1335. The Clerk of Court is authorized to accept the proffered monies in the amount of $360,187.77 from Turner and, upon his receipt of these interpleader funds, he shall deposit the interpleader funds into an interest-bearing account in accordance with E.D. Mich. L.R. 67.1. Upon the actual receipt of these monies by the Clerk of the Court, Turner shall be, and is, (1) discharged from any and all liability, and (2) dismissed as a litigant in this action. Furthermore, each of the Defendants must execute the full and unconditional waiver of their construction lien rights within a period of ten (10) days from the date of this Order.

IT IS SO ORDERED.


DATED:   May 31, 2005                                         s/ Julian Abele Cook, Jr.
         Detroit, Michigan                                    JULIAN ABELE COOK, JR.
                                                              United States District Judge


Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 31, 2005.

                                                              s/ Kay Alford

Courtroom Deputy Clerk